UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

---

BODY WISDOM MEDIA, INC.
5520 Glenwood Road
Bethesda, MD 20817
Montgomery County

        Plaintiff,

v.

ATHLETA, INC.
2100 S. McDowell Blvd.
Petaluma, CA 94954

        Defendant.

Civil Action No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff Body Wisdom Media, Inc. ("BodyWisdom"), through its attorneys, complaining of Defendant, Athleta, Inc. ("Defendant"), hereby alleges as follows:

## STATEMENT OF THE CASE

1. This is a suit by BodyWisdom against Defendant seeking injunctive relief, Defendant's profits, compensatory damages, costs and attorneys' fees, and cancellation of Defendant's trademark registrations for Defendant's acts of trademark infringement. BodyWisdom is suing Defendant as a result of Defendant's use and registration of a pinwheel logo that is almost identical to BodyWisdom's logo. Defendant's use of this confusingly similar mark is likely to bring to mind BodyWisdom's logo, create consumer confusion, and create a false association between BodyWisdom and Defendant. BodyWisdom brings this action to avoid further confusion and mistake and to cancel

Defendant's registrations of its mark.  As set forth below, Defendant's acts constitute federal trademark infringement in violation of 15 U.S.C. §1125(a) and Maryland common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.  Jurisdiction over state claims is conferred on this Court under 28 U.S.C. § 1338, as these claims are joined with substantial and related claims under the federal trademark laws of the United States and the pendent jurisdiction of this Court.

3. Defendant is subject to the Court's jurisdiction because it conducts substantial business and has committed the acts complained of in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. BodyWisdom is a corporation duly organized and existing under the laws of the State of Maryland, having an office and principal place of business at 5520 Glenwood Road, Bethesda, MD 20817.

6. Upon information and belief, Defendant is duly organized and existing under the laws of the State of Delaware, having an office and principal place of business at 2100 S. McDowell Blvd., Petaluma, CA 94954.

## FACTUAL ALLEGATIONS

A.     **BodyWisdom's Trademark**

7.     BodyWisdom produces pre-recorded exercise and instructional videos, DVDs and athletic equipment, particularly related to yoga, Pilates and general fitness.

8.     At least as early as July 2002, BodyWisdom began using a logo consisting of a spiral/pinwheel design with eight blades ("the BodyWisdom Logo") for among other things, to promote its yoga and fitness instructional videos.  The BodyWisdom Logo is a unique, strong, arbitrary, and inherently distinctive mark, which  bears no relation to the goods on which it is sold and has no other apparent meaning . BodyWisdom is the exclusive owner and user of the BodyWisdom Logo.

9.     Specifically, at least since 2002, BodyWisdom has consistently and exclusively used the BodyWisdom Logo to promote the sales of pre-recorded DVDs featuring exercise and physical fitness training, yoga, Pilates, Tai Chi, Qi Gong, belly dancing, and meditation instruction including by the Dalai Lama, holistic living and weight loss information, and philosophical discussions about healthy lifestyles; physical fitness equipment, namely, inflatable balls used for yoga, general fitness, and Pilates training; disseminating materials including videos on the Internet featuring exercise and physical fitness training, yoga, Pilates, Tai Chi, Qi Gong, belly dancing, and meditation instruction, holistic living and weight loss information, and philosophical discussions about healthy lifestyles.

10.     BodyWisdom has invested significant resources in the advertising and publicity of its mark and created a reputation as the originator of high quality goods.

11. BodyWisdom has built a reputation as a highly ethical and socially responsible company and its products promote and are associated with ethical behavior and social responsibility, including yoga instructional videos and teachings by the Dalai Lama.

12. Since 2002, BodyWisdom's products featuring the BodyWisdom Logo have been sold not only online by BodyWisdom at bodywisdomdvds.com, but by other online retailers such as Amazon.com and in various brick and mortar retail stores, including major retailers across North America, such as Walmart, Target, Sam's Club, Costco, Best Buy, Barnes & Noble, Borders, Sports Authority, Modell's and REI.

13. BodyWisdom's DVDs are consistently among the top selling yoga and fitness DVDs throughout North America.

14. BodyWisdom's products are sold in close proximity to other yoga and fitness products, including yoga and fitness equipment and clothing. It would be a natural expansion of BodyWisdom's business to expand into those areas. Indeed, since October 2006, BodyWisdom has been offering for sale equipment for use with yoga and Pilates training. These products are all sold under the BodyWisdom Logo.

**B.   Defendant's Wrongful Activities**

15. Upon information and belief, Defendant is a manufacturer and retailer of athletic apparel and products, particularly yoga apparel and products. Defendant is larger and more prominent than BodyWisdom and has a much larger advertising campaign than BodyWisdom.

16. Upon information and belief, Defendant began using a logo consisting of a spiral/pinwheel with nine blades in the Fall of 2007 ("the Infringing Logo").

17. Upon information and belief, up until January 2011, Defendant primarily engaged in mail order catalog and online retail sales. In January 2011, Defendant opened its first brick and mortar retail store. Since opening its first store, Defendant has expanded its brick and mortar retail stores at a rapid pace. Upon information and belief, Defendant opened approximately 9 stores in 2011, 25 stores in 2012, and plans to open approximately 30 additional stores by the end of 2013 and a similar number of annual store openings going forward. Defendant's stores prominently feature the Infringing Logo in the store signage and on products.

18. Defendant offers on its website yoga, Pilates and other fitness instructional videos that may be viewed online for free. These videos generally appear in association with the Infringing Logo.

19. In September 2013, Defendant posted to its website yoga and fitness videos bearing the Infringing Logo, including a video entitled "Yoga for Athletes." This title is identical to a title of one of BodyWisdom's DVDs. BodyWisdom's "Yoga for Athletes" has been offered for sale nationally on a continuous basis since 2002.

20. On October 14, 2008, Defendant was issued a registration for the Infringing Logo, Reg. No. 3518045, for Athletic apparel and clothing, namely, tops, t-shirts, shirts, blouses, skirts, dresses, bottoms, shorts, skorts, pants, jeans, sweatsuits, jackets, sweaters, shorts, vests, bras, swimwear, socks, tights, scarves, gloves and underwear; headwear and footwear.

21. On October 19, 2010, Defendant was issued a registration for the Infringing Logo, Reg. No. 3864723 for mail order services, online retail services and retail store services in the field of athletic accessories, athletic equipment, sportswear, athletic apparel, clothing, headwear, scarves, gloves, footwear, jewelry, watches, sunglasses and carrying bags, namely, athletic bags, tote bags, sports bags, backpacks, duffle bags and purses.

22. On April 5, 2011, Defendant was issued a registration for the Infringing Logo, Reg. No. 3940986 for handbags; purses; backpacks; book bags; tote bags; messenger bags; all purpose sport bags; beach bags; duffel bags; general purpose bags for carrying yoga equipment.

23. On July 23, 2013, Defendant was issued a registration for the Infringing Logo with a white pinwheel inside a circle filled in purple color, Reg. No. 4372491 for advertising and promotional services; online advertising and promotion services; retail store services featuring clothing, footwear, headwear, clothing accessories, bags, athletic accessories and athletic equipment; online retail store services and mail order services featuring clothing, footwear, clothing accessories, bags, athletic accessories and athletic equipment.

24. The BodyWisdom Logo and the Infringing Logo are confusingly and substantially similar in appearance.

25. Upon information and belief, Defendant knew of the BodyWisdom Logo and intentionally used a confusingly similar mark in order to benefit from BodyWisdom's reputation and goodwill.

26. Defendant is not now, nor has it ever been, associated, affiliated, connected with, endorsed, or sanctioned by BodyWisdom.

27. BodyWisdom has never authorized or consented in any way to Defendant's use of the BodyWisdom Logo or any mark confusingly similar thereto.

**C.     BodyWisdom's Application for Trademark Registration**

28. On March 25, 2013, BodyWisdom applied to the U.S. Patent and Trademark Office ("USPTO") for registration of its trademark consisting of a pinwheel figure with eight blades for pre-recorded DVDs featuring exercise and physical fitness training, yoga, Pilates, Tai Chi, Qi Gong, belly dancing, and meditation instruction, holistic living and weight loss information, and philosophical discussions of healthy lifestyles.

29. On July 15, 2013, the USPTO issued a refusal to register the BodyWisdom Logo "because of a likelihood of confusion with the marks in U.S. Registration Nos. 3940986, 3519045 and 3864723" and then pending application Serial No. 85807340, which has since issued as Registration No. 4372491.

30. The USPTO concluded that the BodyWisdom Logo is "substantially similar in appearance, connotation and commercial impression to [Defendant's] registered marks and that "the goods and services [of BodyWisdom and Defendant] are closely related because they are all Yoga products and services that commonly emanate from a single source and travel in the same channels of trade."

**D.     Negotiations Between the Parties**

31.    In March 2013, shortly after discovering that Defendant was infringing on BodyWisdom's Logo, BodyWisdom contacted Defendant in an effort to resolve issues relating to Defendant's infringement of the BodyWisdom Logo.

32.    Between March 2013 and September 2013, the parties engaged in a dialogue in the hopes of reaching a negotiated resolution.

33.    Towards the end of September 2013, it became evident to BodyWisdom that the parties would not be able to reach a negotiated resolution.

**E.     Damages to BodyWisdom**

34.    Defendant, by using a mark confusingly similar to the BodyWisdom Logo to conduct business, advertise, and promote its services, is trading upon the goodwill and reputation of BodyWisdom and creating a likelihood of confusion and false impression that Defendant, its services, and its goods are in some way affiliated with BodyWisdom.

35.    Defendant, by using a mark confusingly similar to the BodyWisdom Logo to conduct business, advertise, and promote its products and services, is likely to create the misimpression among consumers that Defendant is the source of BodyWisdom's products.

36.    Based on the relative size of the parties, Defendant, by using a mark confusingly similar to the BodyWisdom Logo to conduct business, advertise, and promote its services, is likely to create the misimpression among consumers that BodyWisdom has infringed upon Defendant's trademark rights.

37. BodyWisdom has no adequate remedy at law.

38. BodyWisdom has suffered and will continue to suffer irreparable harm and damages as a result of Defendant's conduct. Defendant's wrongful acts will continue unless enjoined by the Court. Accordingly, Defendant must be restrained and enjoined from any further infringing or unfairly competitive activities.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125(a))

39. BodyWisdom hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

40. In connection with Defendant's advertisement, promotion, offer of sale, and sale of its services and goods, Defendant has used a mark confusingly similar to the BodyWisdom Logo in interstate commerce.

41. Defendant's use of a mark confusingly similar to the BodyWisdom Logo in its advertisement, promotion, offer of sale and sale of its services and goods is likely to confuse customers as to the origin, sponsorship, association, or approval by BodyWisdom of the Defendant's services and goods.

42. Defendant's use of a mark confusingly similar to the BodyWisdom Logo in its advertisement, promotion, offer of sale and sale of its services and goods is likely to confuse customers as to the origin, sponsorship, association, or approval by Defendant of BodyWisdom's services and goods.

43. Defendant has used a mark similar to the BodyWisdom Logo with full knowledge of the falsity of such origin, sponsorship, association, or approval by BodyWisdom of the Defendant's services and goods.

44. Defendant's acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant's acts constitute unfair competition under federal law.

46. Defendant's acts are causing and continue to cause irreparable harm to BodyWisdom regarding its loss of control over its reputation and goodwill. BodyWisdom has no adequate remedy at law unless and until Defendant's actions are enjoined.

## SECOND CLAIM FOR RELIEF
**(Trademark Infringement Under Maryland Common Law)**

47. BodyWisdom hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

48. Defendant's acts violate BodyWisdom's trademark rights under Maryland common law.

49. Defendant's conduct has damaged BodyWisdom in an amount to be ascertained at trial, and will, unless preliminarily and permanently restrained and enjoined, further impair the value of BodyWisdom's Logo, reputation, and goodwill. BodyWisdom has no adequate remedy at law.

50. BodyWisdom is entitled to monetary damages and injunctive relief prohibiting Defendant from using a mark confusingly similar to the BodyWisdom Logo

or any other trademark that is likely to be confused with the BodyWisdom Logo. Without preliminary and permanent injunctive relief, BodyWisdom has no means by which to control the continuing injury to its reputation and goodwill.

51.     BodyWisdom has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate BodyWisdom if it loses the ability to control the use of its trademark or suffers damage to its reputation and goodwill through the use of a mark confusingly similar to the BodyWisdom Logo.

### THIRD CLAIM FOR RELIEF
**(Cancellation of Defendant's Trademark Registration Under 15 U.S.C. § 1119)**

52.     BodyWisdom hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

53.     Defendant's registration of a mark confusingly similar to the BodyWisdom Logo has prevented BodyWisdom from registering its trademark.

54.     BodyWisdom began using its trademark before Defendant began using its mark and has continued to use its trademark since then.  BodyWisdom is therefore the rightful owner of its trademark.

55.     BodyWisdom is entitled to a cancellation of Reg. Nos. 3940986, 3518045, 3864723, and 4372491.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, BodyWisdom respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, BodyWisdom respectfully requests that the Court enter judgment in BodyWisdom's favor on each and every claim for relief set out above and award it the following relief:

A. An Order declaring that Defendant's use of the Infringing Logo infringes the BodyWisdom Logo and constitutes unfair competition under state and federal law as detailed above;

B. A permanent injunction enjoining Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with it from:

> (a) using the BodyWisdom Logo or any mark similar thereto to identify its goods or services; and
>
> (b) using the BodyWisdom Logo or any mark similar thereto in a manner which is likely to cause confusion or tends to falsely describe or represent Defendant's goods or services as being sponsored by or associated with BodyWisdom and from offering such goods or services in commerce.

C. An Order directing Defendant, within thirty (30) days of judgment, to file and serve BodyWisdom with a sworn statement setting forth in detail the manner and form in which it has complied with this injunction pursuant to 15 U.S.C. § 1116(a).

D.      An Order directing the Director of the USPTO to cancel Reg. Nos. 3940986, 3518045, 3864723, and 4372491.

E.      An Order directing Defendant to immediately destroy any and all advertising, promotional, or marketing materials, or supplies used to conduct business, within its possession, custody, or control that use the BodyWisdom Logo or any mark confusingly similar thereto.

F.      An Order directing Defendant to pay to BodyWisdom such damages that BodyWisdom has sustained as a consequence of its acts of infringement and unfair competition as alleged herein, and to account for all gains, profits, and advantages derived by Defendant from its activities.

G.      An Order directing Defendant pay BodyWisdom the costs of this action, together with reasonable attorneys' fees and pre-judgment interest in accordance with 15 U.S.C. § 1117 and applicable law.

H.      An Order declaring that this Court will retain jurisdiction of this action for the purpose of enabling BodyWisdom to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

I.      Awarding to BodyWisdom such other and further relief as the Court may deem just and proper.

Dated: October 9, 2013                    /s/David F. Rifkind

                                          David F. Rifkind (MD Bar No. 12737)

LEONARD, STREET AND DEINARD
  Professional Association
1350 I Street NW, Suite 800
Washington, DC  20005
Telephone:  202.346.6900
david.rifkind@leonard.com

ATTORNEYS FOR PLAINTIFF

OF COUNSEL
Ruth Rivard
LEONARD, STREET AND DEINARD
  Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  612.335.1500
ruth.rivard@leonard.com

10157882